FILED
CLERK, U.S. DISTRICT COURT
5/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_MMC\_\_\_\_\_ DEPUTY

BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
Domestic Security & Immigration
  Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8957
     Facsimile: (213) 894-0141
     E-mail:   matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>THOMAS EUGENE STREAVEL,<br><br>　　　　Defendant. | CR 5:25-CR-00182-MRA<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

　　　Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐　1.　Temporary 10-day Detention Requested (§ 3142(d)) on the
　　　　following grounds:
　☐　a.　present offense committed while defendant was on release
　　　　pending (felony trial),
　☐　b.　defendant is an alien not lawfully admitted for
　　　　permanent residence; and

|   |   |   |
|---|---|---|
| ☐ | c. | defendant may flee; or |
| ☐ | d. | pose a danger to another or the community. |

☒ 2. Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

☒    a.    the appearance of the defendant as required;

☒    b.    safety of any other person and the community.

☐ 3. Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

☐    a.    defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

☐    b.    defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

☐    a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐    b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐    c.    offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 2   |     |     | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 3   |     |     | to community and flight risk); |
| 4   | ☐   | d.  | defendant currently charged with an offense described |
| 5   |     |     | in paragraph 5a - 5e below, AND defendant was |
| 6   |     |     | previously convicted of an offense described in |
| 7   |     |     | paragraph 5a - 5e below (whether Federal or |
| 8   |     |     | State/local), AND that previous offense was committed |
| 9   |     |     | while defendant was on release pending trial, AND the |
| 10  |     |     | current offense was committed within five years of |
| 11  |     |     | conviction or release from prison on the above- |
| 12  |     |     | described previous conviction (presumption of danger to |
| 13  |     |     | community). |
| 14  | ☒   | 5.  | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 15  |     |     | If the Case Involves: |
| 16  | ☐   | a.  | a crime of violence (as defined in 18 U.S.C. |
| 17  |     |     | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 18  |     |     | Federal crime of terrorism (as defined in 18 U.S.C. |
| 19  |     |     | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 20  |     |     | years' imprisonment or more; |
| 21  | ☐   | b.  | an offense for which maximum sentence is life |
| 22  |     |     | imprisonment or death; |
| 23  | ☐   | c.  | Title 21 or MDLEA offense for which maximum sentence is |
| 24  |     |     | 10 years' imprisonment or more; |
| 25  | ☐   | d.  | any felony if defendant has two or more convictions for |
| 26  |     |     | a crime set forth in a-c above or for an offense under |
| 27  |     |     | state or local law that would qualify under a, b, or c |
| 28  |     |     |     |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | if federal jurisdiction were present, or a combination |
| 2 |   |   | or such offenses; |
| 3 | ☐ | e. | any felony not otherwise a crime of violence that |
| 4 |   |   | involves a minor victim or the possession or use of a |
| 5 |   |   | firearm or destructive device (as defined in 18 U.S.C. |
| 6 |   |   | § 921), or any other dangerous weapon, or involves a |
| 7 |   |   | failure to register under 18 U.S.C. § 2250; |
| 8 | ☒ | f. | serious risk defendant will flee; |
| 9 | ☐ | g. | serious risk defendant will (obstruct or attempt to |
| 10 |   |   | obstruct justice) or (threaten, injure, or intimidate |
| 11 |   |   | prospective witness or juror, or attempt to do so). |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention |
| 13 |   |   | hearing under § 3142(f) and based upon the following |
| 14 |   |   | reason(s): |

15
16 _____
17 _____
18 _____
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: May 28, 2025            Respectfully submitted,

                                          BILAL A. ESSAYLI
                                        United States Attorney

                                        CHRISTINA T. SHAY
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        _/s/_____
                                        MATT COE-ODESS
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA