```
TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8231
     Facsimile: (213) 894-0141
     E-mail:   lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>THOMAS EUGENE STREAVEL,<br><br>      Defendant. | No. 5:25-cr-00182-MRA<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT PTC:** 3/5/2026<br>**CURRENT TRIAL DATE:** 3/23/2026<br>**PROPOSED PTC:** 7/16/2026<br>**PROPOSED TRIAL DATE:** 7/27/2026 |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, and defendant THOMAS EUGENE STREAVEL ("defendant"), both individually and by and through his counsel of record, Chad Pennington, hereby stipulate as follows:

1. The Indictment in this case was filed on May 29, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 3, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 12, 2025.

2. On June 3, 2025, the Court set a trial date of July 28, 2025 and a pretrial conference date of July 10, 2025.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 1-2 days.

4. The Court has previously continued the trial date in this case from July 28, 2025 to March 23, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to July 27, 2026 and the pretrial conference to July 16, 2026. This is the second request for a continuance.

6. By this stipulation, the parties also request the following briefing schedule:

   a. Motions in limine and notices required by Rule 12, 12.1 and 12.2 shall be filed by June 18, 2026. Oppositions to motions in limine shall be filed by July 2, 2026. There shall be no replies. The motions in limine will be heard at the pretrial conference.

   b. All pretrial motions other than motions in limine shall be filed twenty-eight days prior to the hearing. Oppositions or notices of non-opposition shall be filed fourteen days prior to the hearing, and replies, if any, shall be filed seven days prior to

the hearing. All pretrial motions other than motions in limine shall be heard by June 18, 2026.

7. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 871: Threats Against the President-Elect. The government has producing dozens of documents of discovery to the defense, including body worn camera footage, search warrant(s), and documents from Meta relating to defendant's Facebook account.

    b. On September 8, 2025, defendant's current counsel substituted in as counsel of record. Defense counsel is scheduled to be in the trials set forth in **Appendix A**.

    c. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

    d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   f. The government does not object to the continuance.

   g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the March 23, 2026 to July 27, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

1  Trial Act may in the future authorize the exclusion of additional
2  time periods from the period within which trial must commence.
3      IT IS SO STIPULATED.
4  Dated: December 30, 2025    Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

      /s/
LAUREN E. BORDER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5

1    I am THOMAS EUGENE STREAVEL's attorney.  I have carefully
2 discussed every part of this stipulation and the continuance of the
3 trial date with my client. I have fully informed my client of his
4 Speedy Trial rights.  To my knowledge, my client understands those
5 rights and agrees to waive them.  I believe that my client's decision
6 to give up the right to be brought to trial earlier than July 27,
7 2026 is an informed and voluntary one.

8  *Chad Pennington* (Signed by, 889F98971B8A49B...)                                1/12/2026
9  CHAD PENNINGTON                                                                 Date
   Attorney for Defendant
10 THOMAS EUGENE STREAVEL

11

12    I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights.  I voluntarily
14 agree to the continuance of the trial date, and give up my right to
15 be brought to trial earlier than July 27, 2026. I understand that I
16 will be ordered to appear in Courtroom 9B of the Ronald Reagan
17 Federal Building, 411 W. Fourth Street, Santa Ana, California on July
18 27, 2026 at 8:30 AM.

19  *Thomas Streavel* (Signed by, CD17730A59DF43E...)                              1/12/2026
20  THOMAS EUGENE STREAVEL                                                         Date
    Defendant

21

22

23

24

25

26

27

28